Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO GONZALEZ MANZO,<br><br>Defendant. | Case No: 2:24-CR-15-SAB<br><br>Pretrial Diversion Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dan Fruchter, Assistant United States Attorney, as well as Defendant, GERARDO GONZALEZ MANZO, and Defendant's counsel, Carter Powers-Beggs, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I. Overview and Information**

1.  By letter dated October 7, 2023, the United States Attorney's Office for the Eastern District of Washington notified Defendant GARARDO GONZALEZ MANZO that the United States Postal Service (USPS) Office of Inspector General (OIG) was investigating Defendant for Theft of Mail by Postal Employee in violation of 18 U.S.C. § 1709.

PRETRIAL DIVERSION AGREEMENT - 1

2.  Defendant waives indictment and consents to the filing of a one-count Information (the Information) in the United States District Court for the Eastern District of Washington, charging Defendant with one count of Theft of Mail by Postal Employee, in violation of 18 U.S.C. § 1709, in connection with the Covered Conduct, as set forth below.

3.  Defendant stipulates and agrees that Defendant did in fact violate 18 U.S.C. § 1709 and that the United States could prove Defendant's guilt beyond a reasonable doubt. Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

   a.  Between August 2022 and March 2023, Defendant was employed by the USPS as a rural carrier in Cheney, Washington, in the Eastern District of Washington.

   b.  On or about August 17, 2022, B.S. sent, via first-class mail, a greeting card containing $40 cash addressed to J.S., 1090 Betz Road, Cheney, Washington, 99004. The greeting card came into Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and $40 in cash contained therein.

   c.  On or about October 27, 2022, B.P. sent, via first-class mail, a greeting card containing $5 cash addressed to R.P.1, 1090 W. Betz Road, Box 2936, Cheney, Washington, 99004. The greeting card came into Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and the $5 cash contained therein.

   d.  On or about October 28, 2022, R.P.2 sent, via first-class mail, a birthday card containing $300 cash addressed to R.P.1, 1090 W. Betz Road, Box 2936, Cheney, Washington 99004. The greeting card came into Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and the $300 cash contained therein.

PRETRIAL DIVERSION AGREEMENT - 2

  e. On or about November 15, 2022, a USPS OIG Special Agent sent, via first-class mail, a greeting card containing a $10 Walmart gift card, addressed to T.L., 1010 W. Betz Road, Cheney, Washington 99004. The greeting card came into Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and the $10 gift card contained therein, which he subsequently redeemed on or about December 14, 2022.

  f. In or around December 2022, at the request and direction of the USPS OIG, a first-class greeting card containing a $10 Safeway gift card, and addressed to L.M., 703 Quail, Cheney, Washington 99004, was introduced into the mail. The greeting card came into Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and the $10 gift card contained therein, which he subsequently redeemed on or about January 5, 2023.

  g. On or about January 12, 2023, a USPS OIG Special Agent sent, via first-class mail, a greeting card containing a $10 Walmart gift card, addressed to L.J.B.H., 1010 W. Betz Road, Cheney, Washington 99004. The greeting card came into Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and the $10 gift card contained therein, which he subsequently redeemed on or about January 15, 2023.

  h. On or about January 23, 2023, B.S. sent, via first-class mail, a greeting card containing $40 cash addressed to A.D., 1090 Betz Road, Cheney, Washington, 99004. The greeting card came into Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and $40 in cash contained therein.

  i. On or about February 6, 2023, a USPS OIG Special Agent sent, via first-class mail, a greeting card containing two $10 Target gift cards, addressed to R.M., 730 Candor Drive, Cheney, Washington 99004. The greeting card came into

PRETRIAL DIVERSION AGREEMENT - 3

Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and the two $10 gift cards contained therein, which he subsequently redeemed on or about February 26, 2023.

   j. On or about February 20, 2023, L.W. sent, via first-class mail, a greeting card containing $50 cash addressed to D.S., 1090 W. Betz Road, Apt. 23208, Cheney, Washington, 99004. The greeting card came into Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and $40 in cash contained therein.

   k. In or around February 2023, C.W. sent, via first-class mail, a greeting card containing $20 cash addressed to I.W., 1090 W. Betz Road, Apt. 24202, Cheney, Washington, 99004. The greeting card came into Defendant's possession through his employment with the USPS and was intended to be conveyed by mail. Defendant stole and embezzled the card and the $20 in cash contained therein.

   l. On or about March 23, 2023, USPS OIG agents conducted an interview of Defendant, who waived his rights under *Garrity v. New Jersey*, 385 U.S. 493 (1967), and agreed to be voluntarily interviewed. During the interview, Defendant admitted to stealing gift cards from the mail. Defendant consented to a search of his person, his vehicle, and his residence, from which additional gift cards were located that Defendant also admitted to stealing from the mail.

  4. On authority from the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for 36 months. This 36-month period begins on the date this Agreement is signed by both parties and accepted by the Court.

  5. The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to: (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy,

PRETRIAL DIVERSION AGREEMENT - 4

which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's 36-month period by an additional 12 months, for a total of 48 months.

**II.    Terms**

Defendant stipulates and agrees to the following terms:

6. **Waiver of Constitutional Rights.** Defendant, by entering this Agreement, agrees to waive certain constitutional rights including (1) the right to a jury trial; (2) the right to see, hear, and question witnesses; (3) the right to compel witnesses to testify; (4) the right to remain silent at trial; and (5) the right to testify at trial. Defendant knowingly and voluntarily waives the above rights.

7. **Supervision.** Defendant stipulates and agrees to be supervised by the U.S. Probation Office during this 36-month period (or longer, if the period is extended by the Court). Further, Defendant understands the following:

   a. Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding.

   b. If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, Defendant shall notify Defendant's supervising pretrial diversion officer within two business days.

   c. Defendant shall live within the jurisdiction of the Eastern District of Washington. If Defendant seeks to reside outside the District, Defendant shall notify and seek the approval of Defendant's supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made.

   d. Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify Defendant's supervising pretrial diversion officer. In the event that Defendant becomes self-employed, Defendant shall provide evidence of such self-employment.

PRETRIAL DIVERSION AGREEMENT - 5

e. Defendant shall report to Defendant's supervising pretrial diversion officer as directed by the Court or U.S. Probation. Any failure to abide by the reporting requirements as established by the Court or U.S. Probation shall be deemed a violation of the Agreement.

f. Defendant shall not possess, control, consume, and/or use any illegal control substance, including marijuana, nor own, possess, or have access to any firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers), unless it has been disclosed to, and approved by, U.S. Probation.

g. Defendant will allow the probation officer to visit at any time at Defendant's home or elsewhere and will permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

h. Defendant shall abide by any other conditions imposed by Defendant's supervising pretrial diversion officer.

8. **Restitution.** As an express condition of this Agreement and the promises made by the United States herein, Defendant agrees to make full restitution in the total amount of $455, as follows:

   a. Defendant agrees to pay restitution of $25/month to the Clerk of the Court until the outstanding balance is paid in full.

   b. Restitution shall be distributed as follows: $80 to B.S.; $5 to B.P.; $300 to R.P.2; $50 to L.W.; and, $20 to C.W.

   c. Defendant agrees that his obligation to make full restitution of $455 continues until the outstanding restitution is paid in full and agrees that he is obligated to make full restitution regardless of whether he breaches this Agreement.

PRETRIAL DIVERSION AGREEMENT - 6

d. Until Defendant's restitution obligations are paid in full, Defendant agrees to fully disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.

e. Defendant voluntarily agrees that the United States may immediately record a lien against all property and rights to property of the Defendant, which shall be released upon full payment of the restitution balance.

f. Defendant agrees that if he fails to make restitution payments as provided in this Paragraph, the United States shall be entitled to the entry of a money judgment against the Defendant in the amount of the outstanding balance. The parties further agree that if a money judgment is entered, the United States shall be entitled to discovery in aid of collection of the money judgment.

g. Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If the Defendant fails to make his restitution payments as agreed in this Paragraph, he shall be enrolled in TOP and TOP may take all or part of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations.

h. Defendant understands that if the Defendant fails to make his restitution payments as agreed in this Paragraph, the United States may pursue any available remedies to ensure the restitution obligation is satisfied, including, but not limited to, garnishment and/or execution against available funds, wages, or assets.

PRETRIAL DIVERSION AGREEMENT - 7

9. **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties until the Agreement expires or is terminated by the Court. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives indictment and all rights to a speedy indictment and/or trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

10. **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach by Defendant, the United States may resume its prosecution against Defendant as to the charge(s) under investigation, and any additional charges.

11. **Admissibility of the Agreement in Prosecution.** In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and Defendant's admissions contained therein shall be admissible against Defendant at any trial, sentencing, or other related proceeding.

The United States stipulates and agrees to the following:

12. **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 36 months (or up to m8hs if the Agreement is extended). When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States stipulates that it will seek dismissal with prejudice of the Complaint filed against Defendant pursuant to this Agreement. Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to Defendant's conduct as described in

PRETRIAL DIVERSION AGREEMENT - 8

the Complaint and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

### III. Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____     3-14-2024
Dan Fruchter                         Date
Assistant U.S. Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

_____     3/14/24
Gerardo Gonzalez Manzo               Date
Defendant

PRETRIAL DIVERSION AGREEMENT - 9

1  _____    3/14/24
   Carter Powers-Beggs              Date
2  Attorney for Defendant

3

4

5      Approved without passing judgment on the merits or wisdom of this diversion.

6
7  _____    March 14, 2024
                                      Date
8  United States District Judge

PRETRIAL DIVERSION AGREEMENT - 10